IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LASHOD MARQUIS BLACK,
    Plaintiff,

vs.                                                5:07cv171/RS/MD

CCA BAY COUNTY JAIL, et al.
    Defendants.

## **REPORT AND RECOMMENDATION**

    This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 9 & 10).

    Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007) (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint *11 in note 14) (abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.))  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at the Bay County Jail at the time of the events giving rise to this complaint. He names as defendants Warden J. Ponte, Assistant Warden Thore, Officer Hayslip, and Captain Brown as well as CCA Bay County Jail. He states that he sues the defendants in their official and individual capacities.

Plaintiff alleges that during the night shift on May 6, 2007, Officer K. Hayslip allowed inmate K. Winslett to rig his cell door in an attempt to stab the plaintiff with a homemade knife. Officer Hayslip did not take any action about the situation until plaintiff made eye contact with him and told him what was going on, while inmate Winslett stood four feet

away with the knife. Captain Steve Brown was called for backup. He searched inmate Winslett and found the knife, and moved plaintiff to another confinement area. Three days later plaintiff was returned to the same area where Winslett was housed. Plaintiff asserts that Winslett was never charged with possession of the knife that was found "inside his cell." Plaintiff states that he spoke briefly with the assistant warden, who, along with the warden, only indicated that the plaintiff was being paranoid, and took no other action. Plaintiff states that another homemade knife was found in inmate Winslett's cell on May 20, 2007, and maintains that had he not been aware of what was going on, he could have been seriously injured during the first incident on May 6, 2007.

In his statement of claim, plaintiff asserts that Officer Hayslip, Asst. Warden Thore, and Warden Ponte violated his fourteenth amendment rights by failing to ensure his safety, as well as violating his due process rights. He further contends that Captain Brown violated his rights because Brown did not ensure plaintiff's safety and caused him emotional distress. Finally, he maintains that Officer Hayslip abused his authority and inflicted cruel and unusual punishment on the plaintiff. Plaintiff seeks damages from each named defendant "individually in their official capacity" in the amount of $100,000.

Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) applies to all claims. See *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e) "does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted"); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998) (reasoning that "§ 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong"); see also *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (reading § 1997e(e) "as limiting recovery for mental or emotional

injury in all federal civil actions brought by prisoners," and rejecting argument that First Amendment claims are exempt from the statutory limitation on recovery); *Thompson v. Carter*, 284 F.3d 411, 416 (2nd Cir. 2002) ("[W]e conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations."); *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3rd Cir. 2000) (rejecting argument that First Amendment claim for compensatory damages absent physical injury was outside the scope of the PLRA, because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); but see *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (stating that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought") (footnote omitted).

In order to satisfy section 1997e(e), a prisoner must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992))] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla.L.Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury). Plaintiff has alleged absolutely no physical injury in this case. Although inmate Winslett was twice discovered to have a homemade knife either on his person or in his cell, he never succeeded in stabbing the plaintiff, if indeed this was his intent. While plaintiff may have believed this to be Winslett's intent, this belief or fear does not circumvent the requirement that he make

a prior showing of physical injury.  Because plaintiff has asserted no physical injury, and it is clear from the complaint that no actual attack occurred, section 1997(e) bars his claim.

   Accordingly, it is respectfully RECOMMENDED:

   That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   At Pensacola, Florida, this 12th day of September, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).